1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8
9

RONNIE GARDNER,

Plaintiff,

10

v.

11
12
13

CAROLYN W. COLVIN, [1] Acting
Commissioner of Social Security
Administration,

14

Defendant.

No.  CV-11-0095-RHW

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENTAND DENYING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

15
16
17
18
19
20
21
22
23

Before the Court are the parties' cross-motions for summary judgment, ECF
Nos. 17, 19.  Maureen J. Rosette represents Plaintiff Ronnie Gardner. Assistant
United States Attorney Pamela J. DeRusha and Special Assistant United States
Attorney Alexess D. Rea represents the Defendant Commissioner of Social
Security (the "Commissioner"). Plaintiff brings this action seeking judicial review
under 42 U.S.C. § 405(g) of the Commissioner's final decision, which denied his
application for supplemental security income ("SSI") under Title XVI of the Social
Security Act, 42 U.S.C. § 1381, *et seq*. After reviewing the administrative record

24
25
26
27

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is
substituted for Michael J. Astrue as the defendant in this suit. No further action
need be taken to continue this suit by reason of the last sentence of 42 U.S.C. §
405(g).

28

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND
DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 1**

and briefs filed by the parties, the Court is fully informed. For the reasons set forth below, the Court **denies** Plaintiff's Motion for Summary Judgment, and directs entry of judgment in favor of Defendant.

## I.    Jurisdiction

On June 2, 2008, Plaintiff filed an application for SSI, alleging disability beginning on June 2, 1992. Tr. 162. Plaintiff later amended his alleged onset date to June 2, 2008. Tr. 20, 83. After benefits were denied initially and on reconsideration, Tr. 92-97, 101-02, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 109-10. Plaintiff appeared with counsel and testified at a hearing held October 29, 2009, in Spokane, Washington. Tr. 39-91. ALJ Paul T. Hebda presided over the hearing. Tr. 41. In addition, medical experts Anthony Francis, M.D., and Donna M. Veraldi, Ph.D., testified regarding Plaintiff's physical and mental limitations. Tr. 46-68. The ALJ also called vocational expert ("VE") Karen Welter. Tr. 81-87. The ALJ denied benefits on November 13, 2009, Tr. 17-36. The Appeals Council then denied review on February 5, 2011, Tr. 1-4, which made the ALJ's decision the Commissioner's final decision and subject to judicial review under 42 U.S.C. § 405(g). Thus, Plaintiff's claim is properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age,

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 2**

education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920; *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999); *Lounsbury v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. §§ 404.1574, 416.972; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. §§ 404.1571, 416.920(b). If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 3**

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof at steps one through four above. *Molina v. Astrue,* 674 F.3d at 1104, 1111 (9th Cir. 2012); *Lockwood v. Comm'r of Soc. Sec. Admin.,* 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.    Standard of Review

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue,* 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir.1997) (citation omitted). In determining whether this standard has been satisfied, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006) (citation omitted).

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 4**

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina,* 674 F.3d at 1111. Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders,* 556 U.S. 396, 409–10 (2009).

## IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. At the date of the hearing on October 29, 2009, Plaintiff was 52 years old and had a fifth-grade education. Tr. 68. Plaintiff also testified that he had "problems reading" and was unable to complete simple math problems. *Id.* Plaintiff is divorced with two adult children. Tr. 327. Plaintiff currently resides with his sister in Mead, Washington. Tr. 73-75, 327. Plaintiff testified that he is unable to work due to pain in his lower back and hip. Tr. 69. Plaintiff also suffers from depression and anxiety, with thoughts of suicidal ideation. Tr. 70. Plaintiff's past relevant work includes stints as an agricultural worker and laborer (lawn service worker and painter). Tr. 79-81, 83-84, 163.

## V.    The ALJ's Findings

The ALJ determined that Plaintiff was not disabled under section 1614(a)(3)(A) of the Social Security Act, and denied his application for SSI protectively filed on June 2, 2008. *See* ALJ's Decision, Nov. 13, 2009, Tr. 20-36.

At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. Tr. 22.

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 5**

At **step two**, the ALJ found that Plaintiff's degenerative disk disease of the lumbar spine with questionable radiculopathy, major depressive disorder, anxiety disorder, borderline intellectual functioning, and ongoing/continuing alcohol abuse were severe impairments. Tr. 22-23 (citing 20 C.F.R. § 416.920(c)).

At **step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("the Listings"). Tr. 23. The ALJ considered whether Plaintiff's spinal impairments met a Listing for 1.04 - Disorders of the Spine. *Id.* The ALJ also "considered singly and in combination" whether Plaintiff's mental impairments met Listings: 12.04 - Affective Disorder; 12.06 – Anxiety Related Disorders; and 12.09 – Substance Addiction Disorders. Tr. 23-25

The ALJ considered whether the "paragraph B" criteria were satisfied and determined they were not because the mental impairments did not result in at least two "marked" restrictions or difficulties. Tr. 24-25. The ALJ found that Plaintiff had mild restriction in activities of daily living, mild difficulties in social functioning, moderate difficulties with regard to concentration, persistence or pace, and zero episodes of decompensation of extended duration. *Id.* The ALJ found insufficient evidence to establish the presence of the "paragraph C" criteria. Tr. 25.

At **step four**, relying on the VE's testimony, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "light work." Tr. 25. In addition, the ALJ also found that Plaintiff was "limited to one or two-step tasks and simple, routine and repetitive tasks, as well as occasional interaction with the public." Tr. 25. The ALJ then determined that Plaintiff could not perform his past relevant work as a painter and lawn service worker, as the VE testified that an individual with Plaintiff's RFC could not perform such work. Tr. 29, 83-87.

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 6**

At **step five**, the ALJ found that considering his age, education, work experience, and RFC, Plaintiff could perform a significant number of existing jobs in the national economy. Tr. 30. The ALJ based this decision on the VE's testimony and information contained in the Dictionary of Occupational Titles that individuals with Plaintiff's age, education, work experience, and RFC can perform jobs like Sorter (agricultural produce), Cannery Worker, and Cafeteria Attendant. Tr. 30. Finally, the ALJ concluded that Plaintiff was not disabled under the meaning of the Social Security Act. Tr. 28.

## VI.    Issues for Review

Plaintiff alleges the ALJ failed to properly evaluate the medical and psychological opinion evidence, in that he was more limited from a physical and mental standpoint than was determined by the ALJ. ECF Nos. 18 at 9, and 21 at 2-4. Specifically, Plaintiff raises three arguments: (1) the ALJ improperly rejected the opinions of examining orthopedist George W. Bagby, M.D. ECF No. 18 at 11-13; (2) new evidence from Plaintiff's treating physician Ethan Angell, M.D., submitted to the Appeals Council after the ALJ's decision, provides a basis for changing the ALJ's decision. ECF No. 18 at 14; and, (3) the ALJ incorrectly assessed Plaintiff's RFC, as he did not include the moderate limitations regarding concentration, persistence, and pace into the hypothetical question posed to the VE. ECF Nos. 18 at 16, and 21 at 3. Defendant contends the ALJ properly evaluated the medical evidence and the Commissioner's decision is free of legal error and supported by substantial evidence. ECF No. 20. For the reasons set forth below, the Court agrees with Defendant.

## VII.    Discussion

**A.    George W. Bagby, M.D.**

Plaintiff first argues the ALJ did not properly consider, nor reject, the opinion of his examining physician George W. Bagby, M.D. *See* ECF No. 18 at

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 7**

11-13. Plaintiff asserts the ALJ erred in giving more weight to the opinions of his treating physician Ethan Angell, M.D., who ultimately opined that he was capable of performing "light work." *Id.* at 12-13. Plaintiff argues that upon crediting the opinion of Dr. Bagby, he would have been found disabled under the Medical-Vocational Guidelines ("Grids") Rule 201.10 -- based on his age, education, and work activity level with no transferable skills to sedentary work. *Id.* at 13; *see also* 20 C.F.R. § 404, Subpt. P, App. 2 at Table No. 1. Plaintiff further contends that Dr. Bagby's opinion should be given more weight, as he was a specialist. ECF No. 18 at 12.

Defendant responds the ALJ reasonably weighed the medical evidence in the record, including the opinion of Dr. Bagby, and correctly assessed Plaintiff's exertional limitations and physical RFC. ECF No. 20 at 17-20. Defendant submits the ALJ properly resolved the conflicting medical opinions in the case in relying on Plaintiff's treating physician, and that substantial evidence supported this decision. *Id.*

On August 28, 2006, Dr. Bagby, an orthopedist, evaluated Plaintiff for complaints of low back pain and numbness in his right leg. Tr. 214-16. Dr. Bagby diagnosed Plaintiff with advanced degenerative changes of the lumbar spine with right leg neurological deficits, mild degenerative changes of the left hip joint, and noted a reading and writing impairment with limited education beyond the scope of his orthopedic evaluation. Tr. 216. Dr. Bagby also recommended an MRI of the lumbar spine. *Id.* Dr. Bagby then concluded Plaintiff's orthopedic impairments were severe and limited Plaintiff to performing "sedentary work" for a period of twelve (12) months. Tr. 217-18.

Plaintiff underwent an MRI on September 15, 2006. Tr. 253-54. The results revealed "mild" central canal stenosis at L3-4, a "little more moderate" central canal stenosis at L4-5, and a broad-based disc protrusion at L5-S1 that might

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 8**

"slightly deflect" the S1 nerve roots and moderate central canal stenosis. Tr. 253-54, 256-57.

Subsequently, Plaintiff was treated by his primary care physician Ethan Angell, M.D., from March 8, 2007 through at least March 1, 2010. Dr. Angell completed his first Department of Social Health & Human Services ("DSHS") Physical Evaluation on March 8, 2007, and diagnosed Plaintiff with lumbago, intermittent sciatica. Tr. 232-35, 251-52. Dr. Angell opined that Plaintiff should be limited to "sedentary or light work." Tr. 234.

In March of 2007, Dr. Angell referred Plaintiff to spine specialist Larry Lamb, M.D. for possible steroid injections, as his condition had not improved with physical therapy. Tr. 259. In assessing Plaintiff's right lateral extremity ("RLE"), Dr. Lamb noted that Plaintiff's straight leg raise testing ("SLT") "appears to be very mildly positive only at the very terminal arc of extension." Tr. 260. Dr. Lamb then questioned whether Plaintiff's RLE was radicular in nature, and requested the results of the previous MRI. *Id.* Plaintiff did not complete a follow-up exam with Dr. Lamb.

On February 28, 2008, Dr. Angell then completed a second DSHS Physical Evaluation. Tr. 262-67. Dr. Angell diagnosed Plaintiff with lumbosacral disc disease with intermittent symptoms of sciatica and cervicalgia. Tr. 264. Dr. Angell again opined that Plaintiff was limited to "sedentary to light work." *Id.*

Dr. Angell treated Plaintiff for a third time on February 17, 2009. Tr. 385-88, 348-49. Dr. Angell again diagnosed Plaintiff with degeneration of the lumbar/lumbosacral disc, cervical pain, alcohol abuse-continuous, and COPD. Tr. 349. However, Dr. Angell noted that Plaintiff's was "clinically stable," there was "no change," and opined that Plaintiff was limited to "light work." Tr. 348-49, 385-88.

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 9**

q:\rhw\acivil\2011\gardner (ss)\gardner order sj.docx

At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform "light work." Tr. 25. The ALJ resolved the conflicts in medical evidence in favor of Plaintiff's treating physician and accorded only limited weight to Dr. Bagby's opinion. *Id.* Despite his status as an orthopedic specialist, the ALJ found that Dr. Bagby's opinions [were] not supported by the medical record as a whole. Tr. 29. The ALJ relied upon Dr. Angell's opinions to conclude that Plaintiff was capable of light work. *Id.* The ALJ also gave less weight to Dr. Bagby's opinion as it was based on a one-time examination and inconsistent with the opinions of other medical providers. *Id.*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In evaluating medical or psychological evidence, a treating physician's opinion is entitled to more weight than that of an examining physician. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). If the treating physician's opinions are not contradicted by another doctor, they can be rejected only with "clear" and "convincing" reasons. *Lester,* 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995).

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 10**

The ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen,* 881 F.2d 747, 751, (9th Cir.1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004). Further, as Defendant points out, the opinion of a treating physician is entitled to more weight than an examining source opinion. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222 (9th Cir. 2010); *Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995). Also, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

As set forth above, in this case there were conflicting medical opinions regarding whether Plaintiff was limited to sedentary or light work. *Compare* Tr. 217-18 *with* Tr. 232-34, 262-65, and 385-88. Thus, the ALJ need only provide specific and legitimate reasons, based on substantial evidence, to reject Dr. Bagby's opinion. *Lester*, 81 F.3d at 830-31. The Court concludes the ALJ permissibly weighed the medical evidence and determined that a single evaluation rendered by Dr. Bagby in 2006 was accorded limited weight -- as it was inconsistent with Plaintiff's treating physician Dr. Angell's opinions and the medical evidence as a whole. *See generally Orn*, 495 F.3d at 631-33 (discussing the evaluation of a treating versus examining physician's opinion). For example, examinations showed that Plaintiff, despite the alleged severity of his back problems, retained a normal gait and was consistently noted to be in no acute distress. *See* Tr. 215-16, 266-67, 281-83, 350-51, 370.

Moreover, Dr. Angell's opinion that Plaintiff was capable of performing "light work" was supported by substantial evidence in the medical record as a

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 11**

whole. *See, e.g.*, Tr. 216-16, 281-83, 350-51. This conclusion is further buttressed by the testimony of Anthony E. Francis, M.D. At the administrative hearing, Dr. Francis agreed with Dr. Angell's assessment that Plaintiff could perform light work. Tr. 52. Dr. Francis, who the Court notes is also an orthopedist and specialist like Dr. Bagby, testified:

> [w]hat we have is a onetime (sic) exam by Dr. Bagbey (sic), who as I say if we just went with that I would have to say [Mr. Gardner] would equal 1.04A but we don't really have any repeating of his opinion throughout the Angell notes and whether Angell is more or less credible I thinks a question for [the ALJ] to determine.

Tr. 56. The Court also notes the reviewing state agency expert also concluded that Plaintiff could perform light work. Tr. 287-95.

In sum, the Court cannot say the ALJ erred in resolving the conflicting medical evidence and determining that Plaintiff's RFC limited him to light work. The Court must "uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation," as it is not this Court's role to disturb the credibility determination charged to the ALJ in resolving conflicts in the medical evidence. *Burch v. Barnhart*, 400, F.3d 676, 680-81 (9th Cir. 2005).

**B.    New Evidence Submitted to the Appeals Council**

Plaintiff next argues that new evidence submitted to the Appeals Council, after the ALJ's decision issued on November 13, 2009, "provides a basis for changing the ALJ's decision." ECF No. 18 at 14. Specifically, he asks the Court to consider medical records from the Community Health Association of Spokane ("CHAS") clinic dated March 3, 2010 through April 26, 2010. *See* Tr. 429-48.

Defendant opposes the consideration of Plaintiff's new evidence and argues that any post-decision evidence must be subject to the strictures of sentence six of 42 U.S.C. § 405(g). ECF Nos. 20 at 24, and 23 at 2. In the alternative, Defendant argues the additional evidence submitted by Plaintiff is duplicative of evidence

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 12**

already considered by the ALJ and does not provide a basis for remand. ECF No. 20 at 27.

After the parties filed their briefs in this matter, the Ninth Circuit held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added); *see also Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2 (1993) ("[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented *before the agency"*) (emphasis added) (citing 42 U.S.C. § 405(g) (sentence six).

Here, Plaintiff submitted the additional CHAS clinic records to the Appeals Council for review on May 25, 2010. Tr. 429. The Appeals Council, in turn, considered the evidence and issued a decision denying Plaintiff's request for review and found such evidence did not provide a basis to change the ALJ's decision. Tr. 1-2. As such, the Court must consider the new evidence submitted by Plaintiff in determining whether the ALJ's decision is still supported by substantial evidence and free of legal error. *Brewes*, 682 F.3d at 1161-62.

The medical records submitted by Plaintiff reveal that he was again treated by Dr. Angell on March 1, 2010 through April 26, 2010. Tr. 431-47. Plaintiff directs the Court to Dr. Angell's assessment on March 1, 2010. Tr. 442-43. There, Dr. Angell noted that Plaintiff's degeneration of his lumbar/lumbosacral disk remained "clinically stable." Tr. 443. In addition, Dr. Angell supported Plaintiff getting an IME ("independent medical evaluation") and his pursuit of SSI. *Id.* Dr. Angell reported Plaintiff's capacity for work was unlikely to change as he had a

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 13**

very limited IQ/education. *Id*. Dr. Angell did not opine as to what exertional level Plaintiff was capable of performing or submit a DSHS Physical Evaluation, as he had done on three prior occasions.

Here, the Court agrees with Defendant that Plaintiff's additional evidence does not provide a basis to change the ALJ's decision. Plaintiff contends that's because Dr. Angell supported his working towards SSI, Dr. Angell was also of the opinion that Plaintiff was unable to work. As set forth above, Dr. Angell did not render any additional opinion as to whether Plaintiff's physical limitations would preclude him from working, nor did he submit any additional physical evaluation regarding the severity of Plaintiff's lower back and thoracic impairments. Defendant also correctly points out that Dr. Angell's assessment that Plaintiff's capacity for work was unlikely to change was based, in part, on his limited education and intellectual functioning – independent of any physical limitations. Tr. 443. Thus the Court finds substantial evidence continues to support the Commissioner's decision finding that Plaintiff was not disabled.

## C.    Vocational Expert Hypothetical

Plaintiff argues the hypothetical posed to the vocational expert ("VE") was inadequate as it excluded the mental limitations found by testifying psychological expert Donna Veraldi, Ph.D. *See* Tr. 57-68. Specifically, Plaintiff asserts the ALJ failed to take into account or include the moderate difficulties in concentration, persistence, and pace into his RFC evaluation. ECF Nos. 18 at 15, and 21 at 3.

Defendant responds the ALJ reasonably evaluated the medical evidence in assessing Plaintiff's mental RFC. ECF No. 20 at 20. Defendant submits there was strong evidence of malingering, which further supported the ALJ's conclusion that Plaintiff was not as mentally impaired as alleged. Tr. 27, 28, 227-30, 368-73. Defendant argues the ALJ's RFC assessment for simple work with limited

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 14**

interaction with the public reasonably accounted for Plaintiff's mental limitations, and is supported by the medical record as a whole. ECF No. 20 at 24.

At step five of the sequential analysis, the burden shifts to the Commissioner to establish that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v); *Hill v. Astrue,* 688 F.3d 1144 (9th Cir. 2012). This burden can be satisfied by posing a hypothetical question to a VE based on medical assumptions supported by substantial evidence in the record and reflecting all of the claimant's limitations, both physical and mental. *See Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009). "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir. 1993).

Notably, the Court agrees with Defendant that the instant case is similar to *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173-1174 (9th Cir. 2008). In *Stubbs-Danielson*, the plaintiff argued the ALJ's RFC finding did not capture the deficiency in pace and other mental limitations found by her mental health providers. *Id.* at 1173. There, plaintiff's physicians found her "moderately limited" in her ability "to perform at a consistent pace without an unreasonable number of length and rest periods" and identified a "slow pace, both in thinking & actions," and included moderate limitations in other mental areas. *Id.* The ALJ in *Stubbs-Danielson* found that the plaintiff retained the RFC "to perform simple, routine, repetitive sedentary work, requiring no interaction with the public." The Ninth Circuit agreed and upheld the ALJ's RFC finding and concluded "the ALJ translated Stubbs-Danielson's condition including the pace and mental limitations, into the only concrete restrictions available . . .[,] " that the plaintiff was capable of simple tasks. *Id.* at 1174. The *Stubbs-Danielson* court then agreed with two other

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 15**

circuits that where "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Id.* at 1174 (internal citation omitted).

Here, the ALJ found Plaintiff was limited only to "one or two-step tasks and simple, routine and repetitive tasks, as well as occasional interaction with the public." Tr. 25. With regard to concentration, persistence, or pace, the ALJ agreed that Plaintiff had "moderate difficulties." Id. Dr. Veraldi then testified at the hearing as to Plaintiff's difficulties in maintaining concentration, persistence and pace, absent alcohol:

> Based on the information I have, and it's sketchy because of his lack of effort, I think I would rate that as mild to moderate. That I don't know if he has good focus or concentration skills and I'm having to take a guess because of his limited effort on some of the testing.

Tr. 65.

In addition, Jay M. Toews, Ed.D., evaluated Plaintiff on July 29, 2009. Tr. 368-73. Dr. Toews diagnosed Plaintiff with malingering cognitive and psychological symptoms, highly probable; adjustment disorder with depressed mood, provisional; and r/o ("rule out") alcohol abuse. Tr. 372. Dr. Toews noted that "[i]t is difficult to assess cognitive performance due to very poor effort and probable malingering." *Id.* Dr. Toews found that Plaintiff experienced no difficulty in comprehending and remembering test instructions. *Id.* Notably, Dr. Toews went on to conclude:

> It is difficult to give a functional assessment of capabilities due to poor cooperation and effort. He is able to remember simple one and two step instructions, and appears capable of performing simple routine and repetitive types of physical activity. He should be able to complete a normal workday and work week doing simple repetitive types of work.

*Id.* Also, Dr. Toews findings were similar to a DSHS Psychological/Psychiatric

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENT AND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 16**

Evaluation form completed by Ashlie Hagen, M.S., on February 13, 2007, and under the supervision of Scott Mabee, Ph.D., which also diagnosed Plaintiff with malingering and found insufficient evidence to assess his mental functional limitations Tr. 223-26, 227-30.

Thus, the ALJ in this case was faced with equivocal evidence, at best, in assessing Plaintiff's mental limitations regarding concentration, persistence, or pace. In accord with *Stubbs-Danielson*, the ALJ "adequately capture[d]" the limitations noted above when he limited Plaintiff to simple, routine, and repetitive tasks. 539 F.3d at 1174. Therefore, the Court finds the ALJ's assessment of Plaintiff's mental limitations to be supported by restrictions identified in the medical testimony and evidence in the record.

## VIII.  Conclusion

Having reviewed the record in its entirety, and the ALJ's conclusions, the Court finds the ALJ's decision is free of legal error and supported by substantial evidence.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Summary Judgment, ECF No. 17, is **DENIED.**

2.  Defendant's Motion for Summary Judgment, ECF No. 19, is **GRANTED.**

3.  The Commissioner's decision denying Plaintiff benefits is **AFFIRMED**.

///
///
///
///
///
///
///

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 17**

4.  The District Court Executive is **directed** to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 25th day of September, 2013.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEF.'S MOTION FOR SUMMARY JUDGMENTAND DENYING PL.'S MOTION FOR SUMMARY JUDGMENT * 18**

q:\rhw\acivil\2011\gardner (ss)\gardner order sj.docx